**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco Antonio GALLO–TAVIZON, Defendant–Appellant.**

No. 16–50474

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 [*]

OCTOBER 27, 2017

Susan Leah Park, Helen H. Hong, Colin M. McDonald, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mark Eibert, Esquire, Half Moon Bay, CA, for Defendant–Appellant.

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM [**]

Francisco Antonio Gallo–Tavizon appeals from the district court's judgment and challenges the 85–month sentence imposed upon remand following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gallo–Tavizon contends that the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, in denying his request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca–Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Contrary to Gallo–Tavizon's argument, the district court fully considered the five factors under the amended Guideline in determining that he was not "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A), (C). Furthermore, the record reflects that, in assessing Gallo–Tavizon's role, the court properly compared Gallo–Tavizon to his co-participants in the offense. *See United States v. Quintero–Leyva*, 823 F.3d 519,

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

523 (9th Cir. 2016). The court discussed drug couriers in other cases only in reference to the issue of how greatly Gallo–Tavizon stood to benefit from the offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(C)(v). Finally, the court did not err in considering Gallo–Tavizon's previous drug crossings. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006).

In light of the totality of the circumstances, the district court did not abuse its discretion in concluding that Gallo–Tavizon was not a minor participant. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.